**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4341

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOVAN CORNELIUS SIMON,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cr-00742-RBH-1)

Submitted:  January 23, 2015          Decided:  February 2, 2015

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew Mackenzie, BARRETT & MACKENZIE, LLC, Greenville, South
Carolina, for Appellant.   Arthur Bradley Parham, Assistant
United States Attorney, Florence, South Carolina; Stanley D.
Ragsdale, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jovan Cornelius Simon appeals his conviction and the 137-month sentence imposed by the district court after he was convicted of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D) 846 (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2012). Simon's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but questioning the denial of Simon's motions to suppress, and the application of the sentencing enhancement for obstruction of justice. Simon has filed a pro se supplemental brief arguing these issues and additionally contending that the evidence was insufficient to convict him of conspiracy and that the district court erred by failing to require the jury to specify which firearm Simon possessed and by applying a statutory sentencing range based on drug weights that were not found by the jury. We affirm the judgment of the district court.

We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). We construe the evidence in the light most

2

favorable to the Government, the prevailing party below. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

In challenging the February 28, 2012 search, Simon argues that the officers' testimony that they smelled marijuana in his vehicle was not credible and that they could not have known whether the odor came from the vehicle or from Simon's person. "We defer to the district court's credibility findings." United States v. Griffin, 589 F.3d 148, 150 n.1 (4th Cir. 2009) (internal quotation marks omitted). We have repeatedly held that an officer who smells marijuana upon approaching a vehicle during a lawful traffic stop has probable cause to search those parts of the vehicle where that marijuana may be contained. United States v. Carter, 300 F.3d 415, 422 (4th Cir. 2002). Accordingly, we affirm the denial of the motion to suppress the fruits of the February 28, 2012 search.[*]

Simon also challenges the May 9, 2013 search of his underwear when he was stopped for a traffic infraction. A "search conducted inside [a defendant's] underwear is properly

---

[*] Simon also argues that the officers lacked probable cause to seize the firearms they found in the vehicle. Because Simon did not raise this argument prior to trial, it is waived, and cannot be asserted on appeal absent a showing of good cause. See, e.g. United States v. White, 584 F.3d 935, 948 (10th Cir. 2009) (holding that moving to suppress evidence on one basis does not prevent waiver of unasserted bases for suppression). Simon does not allege good cause for us to consider this issue.

3

characterized as a strip search." United States v. Edwards, 666 F.3d 877, 882 (4th Cir. 2011). We examine such a search "in its complete context and consider the following factors: 1) the place in which the search was conducted; 2) the scope of the particular intrusion; 3) the manner in which the search was conducted; and 4) the justification for initiating the search." Id. at 883.

In this case, the intrusion was properly limited in scope to removing an unknown object from Simon's groin and the search was conducted in a safe, nonthreatening manner. Accordingly, we find that the district court properly denied the motion to suppress the fruits of the May 9, 2013 search.

Simon's counsel questions whether the district court erred by applying a sentencing enhancement for obstruction of justice. We review the imposition of this enhancement for clear error. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). The obstruction enhancement is appropriate when a defendant commits perjury by giving "false testimony concerning a material matter with the willful intent to provide false testimony." United States v. Dunnigan, 507 U.S. 87, 94-96 (1993). Testimony concerns a material matter when it, "if believed, would tend to influence or affect the issue under determination." U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.6 (2013).

4

The district court applied the enhancement based upon Simon's testimony at the suppression hearing that he was unaware that there were any drugs contained in a sock tied to his genitals that was discovered during the pat-down search. Contrary to Simon's contention that no one but himself can testify regarding what was in his mind, the district court was justified in finding that this testimony was willfully false. See, e.g., United States v. Santos, 553 U.S. 507, 521 (2008) (recognizing that "knowledge must almost always be proved[] by circumstantial evidence"). If believed, this testimony would strongly undermine the officers' credibility by implying that there were no drugs in the sock and that the officers' testimony that they found such drugs was false. See United States v. Fox, 393 F.3d 52, 61 n.9 (1st Cir. 2004) (holding that testimony implying officer had fabricated account of stop was material due to impeachment value), vacated and remanded on other grounds, 545 U.S. 1125 (2005). Accordingly, we find that the district court did not clearly err by applying the obstruction enhancement.

In accordance with Anders, we have reviewed the entire record and the issues raised in Simon's pro se supplemental brief and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Simon, in writing, of his

right to petition the Supreme Court of the United States for further review. If Simon requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED